**POWELL v. LIBERTY INDUSTRIAL LIFE INS. CO., Inc.**

No. 5982.

Court of Appeal of Louisiana. Second Circuit.

May 29, 1939.

Rehearing Denied June 28, 1939.

Isaac Wahlder and J. B. Nachman, both of Alexandria, for appellant.

Leo Gold, of Alexandria, for appellee.

HAMITER, Judge.

Plaintiff, in the capacity of administrator of the Succession of Robert Williams, deceased, asks recovery herein under the terms and provisions of a policy of insurance issued by defendant. His petition was attacked through exceptions of no cause and no right of action. A judgment was rendered by the trial court, after giving consideration to plaintiff's allegations and the policy, which was made a part of the record, sustaining the exception of no right of action, and plaintiff appealed therefrom. The disposition made of the exception of no cause of action does not appear.

The allegations of fact of plaintiff's pleading and the pertinent provisions of the policy, which are controlling in passing on the exception before us, may be summarized as follows: On September 3, 1923, defendant issued to Robert Williams the policy in question. It provided for life insurance in the principal amount of $102.-50, and also for the payment to the insured of sick and accident benefits of $5 per week during appropriate disability. According to the contract, "The number of weekly benefits payable under this policy in any twelve consecutive months is limited to twenty." There is no provision as to the maximum number payable.

Robert Williams became insane in February, 1933, and was then placed in the Central Louisiana State Hospital for the Insane in the City of Pineville, Rapides Parish, Louisiana. On the occurrence of that event, and for a short time thereafter, all premiums due under the contract were paid. The insured was continuously insane and totally disabled from the time of his entering the hospital until his death, which occurred therein on April 27, 1938. On various occasions, beginning immediately after said hospitalization, demand was made on defendant by a relative of Robert Williams for the payment of the weekly sick benefits, but it regularly and consistently refused to pay them.

The recovery sought herein by plaintiff, who is the duly appointed and qualified administrator of said decedent, Robert Williams, is for the sick benefits allegedly due under the policy from March 1, 1933, until decedent's death, being 20 weekly payments in each 12 consecutive months of that period. Specifically, he asks judgment for $550, or 110 weeks at $5.00 per week. Also demanded are interest, penalties and attorney's fees, but these items are not presently important. Death benefits under the policy are not involved in this cause; however, reservation to institute a separate suit to recover therefor is made. This proceeding was commenced January 10, 1939.

The exception of no right of action is predicated on the following provision of the policy: "No suit shall be brought nor action commenced against this Company under this policy until sixty days after the claim has arisen thereunder, nor after two years shall have elapsed since the time when the right of action shall have accrued." It is urged by defendant that the right of action on the part of the insured accrued when, according to the allegations of the petition, demand for sick or disability benefits was made upon the defendant by his relative immediately after he became insane and payment thereof was refused; and as this suit was commenced more than two years subsequent to such accrual, the claim is barred.

Conceding arguendo that the contractual limitation provision relied on by defendant is legal and valid, we are of the opinion that the petition states a right of action at least to a portion of the demand herein made and that the exception should have been overruled.

As before shown, the disability of the insured continued from its inception in 1933 until the date of his death on April 27, 1938. The only provision in the policy relating to the number of weekly benefits payable is the one limiting them to twenty in each consecutive twelve months. No total number or specific duration is designated. Accordingly, and certainly, he was entitled to some payments during the twelve-month period that began April 27, 1937, and immediately preceded his death. He had no right to and could not enforce his claim therefor, however, until the expiration of the week for which

each such payment was due. Consequently, this suit, which was filed January 10, 1939, was instituted within two years after the accrual of his right of action for the recovery of the benefits discussed in this paragraph.

In this consideration of the case on the exception of no right of action, it is unnecessary for us to, and we do not, determine the exact number of weekly benefits to which the insured was entitled, or the effect of his continuing insanity on the two-year restrictive provision of the policy that is relied on by defendant. These are matters that should be considered on the merits of the case.

The judgment of the trial court is therefore reversed and set aside, the exception of no right of action is overruled, and the case is remanded to be tried pursuant to law and in accordance with the views herein expressed. Costs of this appeal shall be paid by the defendant, while all other costs shall abide the final determination of the case.